IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| STACY GENE HALL, | ) | Cause No. CV 11-07-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN SAM LAW; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On January 21, 2011, Petitioner Stacy Gene Hall moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. He is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

The motion and supporting account statement demonstrates Petitioner cannot afford to pay all costs that may be associated with this action. The motion to proceed

FINDINGS AND RECOMMENDATION OF U. S. MAGISTRATE JUDGE / PAGE 1

in forma pauperis will be granted.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

Petitioner was serving a Montana sentence in a Texas prison when he escaped to California, where he lived for over a decade before he was arrested "while driving a stolen vehicle," Pet. (doc. 1) at 13, and returned to custody in Montana. He points out that an arrest warrant issued by Texas authorities when he escaped in 1996 was dismissed in 2005. Philosophically positing that he stopped being a fugitive when Texas stopped looking for him, he suggests that the State of Montana is therefore estopped from returning him to prison. He also alleges that his stolen liberty gave rise to a due process interest that was violated because he was returned to Montana before a California court heard his "challenge" to the warrant of requisition issued by the Governor of the State of Montana. Petitioner does not, however, allege that he is anyone other than that same Stacy Gene Hall who escaped from prison in Texas while he was serving sentences imposed by courts of the State of Montana. E.g., Pet. Ex. 11

(doc. 1-12 at 3).

This Court is not aware of any law that could support Petitioner's claims. He is simply serving the prison time he has owed the State of Montana since 1996. An escapee does not ripen into a free person through the slow accretion of year-to-year success in remaining at large. The cases Petitioner cites are easily distinguished on the grounds that the State of Montana, promptly upon discovering that Petitioner was in custody in California, took steps for his return. To whatever extent Petitioner was entitled to and deprived of due process in the extradition proceedings, that is no basis for federal habeas relief against his prison sentences in Montana. Weilburg v. Shapiro, 488 F.3d 1202, 1206-07 (9th Cir. 2007); Mahon v. Justice, 127 U.S. 700, 708 (1888). The petition should be denied on the merits.

### III. Certificate of Appealability

A certificate of appealability is not warranted because there is no conceivable basis for federal habeas relief under 28 U.S.C. § 2254 in light of the facts Petitioner alleges. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### ORDER

The motion to proceed in forma pauperis (doc. 2) is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in

dismissal of his case without notice to him.

DATED this 26th day of January, 2011.

>  /s/ *Keith Strong*
> Keith Strong
> United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U. S. MAGISTRATE JUDGE / PAGE 5